Mr. Justice Clayton
delivered the opinion of the court.
This bill is filed to obtained a decree for a tract of land, in the county of Madison. It alleges that the complainant, Thompson, purchased it at execution sale in 1840, under a junior judgment, and that the defendants also purchased it in 1843 under an older judgment. It also charges that the execution of Hill, under which the appellants purchased, had been paid off by Flournoy, the then sheriff of Madison, who took a transfer thereof from the plaintiff in consideration of the payment.
The bill further states, that this sale to the defendants took place when he was absent from the state; that the land was first struck off to one Perkins, who, on learning that it was the *524 land of the complainant, refused to pay his bid. The sheriff then offered it for sale again, when one Dinkins, as the friend of complainant, made some proposition to the sheriff, when he promised Dinkins to postpone the sale until the return of the complainant. Relying upon this promise, Dinkins returned home, and after he left, the land was again sold. This conduct the complainant charges was a fraud upon his rights.
It also alleges that, at the time of the said sale, the defendant in the execution had a sufficiency of other property liable to levy, to satisfy the execution, and that this had always been the case, from the time of the rendition of the judgment. It prays that the sale may be set aside, and the complainant quieted in the possession of the land, or if this be not done, that he may be permitted to redeem under the statute.
To this bill there was a demurrer, which was overruled in the court below, and from this decision the appeal was taken.
It is the settled doctrine, that a sale under a junior judgment must yield to one under a senior, unless there be something to change this established rule. But if one having two liens proceed against property subject only to one, the owner of the latter may compel the former to go first against the property on which the latter has no lien. This principle was recognized in the case of the Agricultural Bank v. Pallen, 8 S. & M. 359. It was there decided, “ that where a.judgment debtor has various pieces of property affected by the judgment lien, if he alienate one piece that is not to be charged, until the others not alienated have been subjected, provided they still remain, within reach of the execution, the bill must show that there was other .property liable, before that for which the exemption is claimed.” The same principle would be applicable in this case. If the judgment debtor had unincumbered estate within the county, sufficient to satisfy the execution, when it was levied on the land of the complainant, if advantage were taken of the absence of the complainant from the state, and if the sheriff deluded his friend, who was endeavoring 'to protect his interest, into the belief that the sale would be postponed, then the complainant is entitled to relief against every, one, except a purchaser for valuable considera *525 tion without notice, of any irregularity in the sale. No charge is made against Rollins and Henderson of such notice, and the sale as to them cannot be set aside on this ground. Enloe v. Miles, 12 S. & M. 147; Doe v. Ingersoll, 11 Ib. 272.
By the principles of the common law, the payment of a judgment or execution amounts to a satisfaction thereof. This principle, notwithstanding the statute which will be presently noticed, still remains unchanged. It is true, that, by the purchase of a judgment, there may be a valid transfer of it to the purchaser, which will vest him with an equitable right, and authorize him to use the plaintiff’s name to enforce it. Yet if the intention were to pay off the execution, and not to make a purchase of it, the execution would be satisfied, and the party so paying it, left to his action against the defendant. In this case the bill charges that the judgment was paid off; the demurrer admits it, and with this admission we could not hold, that it might be enforced to the prejudice of the complainant. His purchase would overreach the lien of the execution under which the defendants claim. It has already been decided by this court, that the lien of a judgment is discharged by a payment of it, whatever may be the rule as to the validity of a sale, under it. Banks v. Evans, 10 S. & M. 58.
The statute which provides, that when a sheriff shall have paid a judgment against him, rendered for his failure to return an execution according to law, the original execution shall be vested in such sheriff for his benefit, does not embrace this case. Hutch. Code, 448. The plain distinction between them is, that the statute refers to the payment of the judgment against the sheriff; this case relates to the payment of the original execution against the defendant.
Another reason for overruling the demurrer is this: the bill charges certain facts in regard to the sale, and alleges that they amount to a fraud upon the rights of the complainant. If established, they do amount to fraud in the conduct of the sale, but whether it would affect a bona, fide purchaser, is another question. But the charge is a general one, and is broad enough to comprehend the present defendants. It is well settled, that such *526 a charge of fraud must be answered and denied, otherwise a decree will be rendered for the complainant. Niles v. Anderson, 5 How. 365.
The question as to the right of the complainant to redeem, under the statute of 1842, (Hutch. Code, 919,) will not now be decided, because it may be wholly unnecessary. It may turn out, that he is entitled to recover upon the principles herein laid down, distinct from and independent of that statute'. We are unwilling to pass upon the constitutionality of the' act, if the case does not imperatively demand its determination.
The decree, disallowing the demurrer, is affirmed, and the cause is remanded.